**THE UNITED STATES DISTRICT COURT**
**DISTRICT OF COLORADO**

Civil Action No. 25-cv-00913-SKC-TPO

LEVENT TUNCEL,
Individually and on Behalf of All Others Similarly Situated

        Plaintiff

    v.

ZYNEX, INC.,
THOMAS SANDGAARD, and
DANIEL MOORHEAD

        Defendants

---

**PLAINTIFF'S RESPONSE TO SUGGESTION OF BANKRUPTCY BY ZYNEX, INC.**

---

In response to the suggestion of bankruptcy filed by Zynex, Inc. ("Zynex") (Dkt. No. 31), Plaintiff and Lead Plaintiff Movant Levent Tuncel ("Tuncel") respectfully requests that the Court rule on Tuncel's unopposed motion for appointment as lead plaintiff so that he may act on behalf of the putative class, including to proceed with the claims against Thomas Sandgaard and Daniel Moorhead (the "Individual Defendants") and to take any actions necessary to protect the putative class's interests in Zynex's bankruptcy proceeding.

The stay of proceedings pursuant to Section 362(a) of the Bankruptcy Code applies only to Zynex, and this case can and should proceed against the Individual Defendants because they have not filed for bankruptcy. Section 362(a) "automatically stays proceedings *against the debtor only* and not co-debtors or guarantors, sureties, corporate affiliates or other non-debtor parties liable on the debts of the debtor." *Agrawal v. Ogden*, 753 F. App'x 644, 648 (10th Cir. 2018). This

1

Circuit and others recognize that "the stay provision does not extend to solvent codefendants of the debtor." *Okla. Federated Gold and Numismatics, Inc. v. Blodgett*, 24 F.3d 136, 141-42 (10th Cir. 1994). Nor does the stay apply to officers of a bankrupt corporation. *See In re Motiva Performance Eng'g, LLC*, 621 B.R. 494, 498 (Bankr. D.N.M.) ("[T]he stay afforded a corporate debtor does not extend to afford protection as well to the debtor's stockholders, principals, officers, directors, and employees."). A stay may only be extended to a non-debtor in "unusual situations as when" the interests of the debtor and non-debtor are so intertwined that a judgment against the non-debtor is, in effect, a judgment against the debtor. *Id.* That is not the case here, and the Individual Defendants have not attempted to carry their burden to show that the stay should apply to them.[1] *See Agrawal*, 753 F. App'x at 648 (noting that the bankruptcy court had rejected non-debtor's attempt to extend automatic stay).

Securities litigation, such as the instant case, often proceeds against defendant directors and officers even when stayed against a bankrupt corporate defendant. *See, e.g.*, *Hollifield v. Resolute Cap. Partners Ltd., LLC*, 2023 WL 2628675 (C.D. Cal. Feb. 14, 2023) (ruling on individual defendants' motion to dismiss securities class action where automatic stay applied to bankrupt defendants); *In re Safety-Kleen Corp. Stockholders Litig.*, 2004 WL 6039473, at *1 n.1 (D.S.C. Jan. 29, 2004) (ruling on individual defendants' summary judgment motions in securities class action where litigation against corporate defendants was stayed by Section 362).

---

[1] For the avoidance of doubt, the Individual Defendants have received notice of the pendency of this action. The Individual Defendants were served through counsel at Polsinelli PC on or about June 17, 2025. After the attorneys from Polsinelli PC withdrew their representation, Plaintiff was informed by counsel for Zynex that Mr. Sandgaard retained counsel at Nixon Peabody LLP and that Mr. Moorhead retained counsel at Shoemaker Ghiselli + Schwartz LLC. However, counsel for the Individual Defendants have not entered their appearances to date.

Thus, this case can and should proceed against the Individual Defendants. To adjudicate the claims against the Individual Defendants, Tuncel respectfully requests that the Court grant his unopposed motion for appointment as lead plaintiff (Dkt. No. 11).

DATED: December 19, 2025        Respectfully submitted,

**GLANCY PRONGAY & MURRAY LLP**

*/s/ Pavithra Rajesh*
Robert V. Prongay
Pavithra Rajesh
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160
Email: rprongay@glancylaw.com
       prajesh@glancylaw.com

*Counsel for Plaintiff Levent Tuncel*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the foregoing document was filed with this Court on December 19, 2025 through the CM/ECF system and will be sent electronically to all registered participants as identified on the Notice of Electronic Filing, and paper copies will be sent to those indicated as non-registered participants.

*/s/ Pavithra Rajesh*
Pavithra Rajesh
