# TUNCEL'S
# EXHIBIT 3



February 3, 2026

**BY EMAIL**

Robert V. Prongay
Pavithra Rajesh
**GLANCY PRONGAY WOLKE & ROTTER, LLP**
1925 Century Park East, Ste. 2100
Los Angeles, CA  90067
rprongay@glancylaw.com
prajesh@glancylaw.com

Re:  *Tuncel v. Zynex, et al.*, **Case No. 1:25-cv-00913-SKC-TPO (D. Colo)**

Dear Counsel:

We represent a client who suffered an estimated $500,000 in losses as a result of a fraud committed by Zynex, Inc. ("Zynex") and its fiduciaries. Based on recently revealed information, this fraud began as early as 2017 and did not conclude until admissions were made of regulatory violations by the Company on July 25, 2025.  In the almost eleven months that have passed since the filing of the initial class action complaint in *Tuncel v. Zynex, Inc., at al,* Civil Action No. 25-cv-00913-SKC-TPO (D. Colo.) (the "Tuncel Action") facts relating to the true scope, nature and participants in the fraud have flooded into the marketplace from, among other sources: (a) new Zynex management members, who in late 2025 admitted serious compliance failures; (b) over 200 filings lodged in the Bankruptcy Court;[1] (c) a 117 page Complaint filed by Allstate Insurance Company on  September 4, 2025;[2] and (d) an extensive indictment of Zynex's two top officers

---

[1] *In re Zynex, Inc.,* Case No. 25-90810 (ARP) (Bankr. S.D. Tex).

[2] *Allstate Insurance Company et al v. Sandgaard et al*., C.A. No. 1:25-cv-04915-DLI-CHK (E.D.N.Y), and as amended DKT # 13, October 8, 2025 (expanded 138 page complaint).

**1 |** P a g e

issued on January 14, 2026 in the District of Rhode Island, and unsealed on January 21, 2026.[3]

Despite these many developments, and the fact that large numbers of potential Class Members have each day lost their claims due to Section 10(b)'s five year Statute of Repose, Mr. Tuncel has not amended his Complaint so as to protect the Class, even though he has had every right to do so.   Mr. Tuncel has not yet been appointed Lead Plaintiff, and it is doubtful he should be, given his lack of attention to this matter.  As the Class Period should be years longer than the Class Period pled by Mr. Tuncel; the known facts regarding the fraud have materially changed in the past eleven months; and new defendants can be added to the action, it is clear that the Tuncel Action bears little resemblance to the action that can and must be pled as soon as possible.

As you know, Zynex is in Chapter 11 bankruptcy, and certain actions involving Zynex and its present and former officers and directors have been stayed until a bankruptcy plan is confirmed, which is expected to be on or about March 20, 2026.  Nonetheless, the Tuncel Action was not stayed.

 Given these developments, we have crafted a 77 page Complaint In Intervention that we will soon be ready to file.  We are providing it with this letter on a confidential basis, so that we may engage in discussions as to the most appropriate course of action.

 In similar circumstances, Courts have found it proper under the PSLRA to reopen the Lead Plaintiff and Lead Counsel process, and re-notice the Class (or, rather, as here *notice an expanded Class for the first time*).  *See e.g., In re Axsome Therapeutics, Inc. Securities Litigation*, 1:22-cv-03925 (LGS), Dkt #66 (E.D.N.Y Nov. 15, 2023)(reopening process due to new class period and expanded allegations); *Mullur v. QuantumScape Corp. (In re QuantumScape Sec. Class Action Litig.),* No. 3:21-cv-00058-WHO, 2021 U.S. Dist. LEXIS 97785, at *7-8 (N.D. Cal. May 18, 2021)("courts will generally revisit the process when…new, meaningfully different misrepresentations are alleged; when that is so, the core of the lawsuit changes and some who were allegedly misled by the new misrepresentations are likely to have disregarded the initial notice."); *Dube v. Signet Jewelers Ltd*., No. 16-CV-6728 (JMF), 2017 U.S. Dist. LEXIS 57624, at *3 (S.D.N.Y. Apr. 14, 2017)(ordering process reopened, and noting the decision turns on "a comparison of the two complaints" and an assessment of whether entire classes of potential lead plaintiffs were "left out of the notice procedure."); *In re Leapfrog Enters. Sec. Litig.,* No. C-03-05421 RMW, 2005 U.S. Dist. LEXIS 44899, at *9 (N.D. Cal. July 5, 2005)(new process required where an amended complaint would vastly expand class period).

Moreover, Mr. Tuncel claims roughly $17,000 in damages, while our client has suffered many times that amount.  Because of his large financial stake, our client will pursue this matter actively and aggressively.

---

[3] *United States v. Thomas Sandgaard et al.,* Cr. No. 1:26-cr-00005-JJM-PAS (D. R. I.)(47 pages of previously unknown fraudulent acts, including concealment of the Tricare audit for months, previously unknown insider trading, and scientific study misrepresentation).

**2 |** P a g e

**3 |** P a g e

While reopening the PSLRA process may be the best course of action, especially where no Lead Plaintiff has yet been appointed, we will hold off any filing (or any communication with the Court) until we have had an opportunity to discuss the matter with you, and gain an understanding of your perspective.  Please let us know if you are available to confer regarding these matters within the next few days.

Cordially yours,


**PASKOWITZ LAW FIRM P.C.**

*/s/ Laurence D. Paskowitz*
Laurence D. Paskowitz
97-45 Queens Boulevard
Suite 1202
Rego Park, NY 11374
Telephone: (212) 685-0969
Email: lpaskowitz@pasklaw.com

**LAW OFFICES OF BETH A. KELLER, P.C.**

*/s/ Beth A. Keller*
Beth A. Keller
118 North Bedford Road, Ste. 100
Mount Kisco, New York 10549
Telephone: (914) 752-3040
Facsimile: (914) 752-3041
Email: bkeller@keller-lawfirm.com


*Attorneys for Interested Stockholder*