# TUNCEL'S EXHIBIT 5

**GLANCY
PRONGAY
WOLKE &
ROTTER**

Pavithra Rajesh
prajesh@glancylaw.com
1925 Century Park East, Suite 2100
Los Angeles, California 90067
T: (310) 201-9150

February 4, 2026

**VIA E-MAIL**

Laurence D. Paskowitz                           Beth A. Keller
Paskowitz Law Firm P.C.                         Law Offices of Beth A. Keller, P.C.
97-45 Queens Boulevard, Suite 1202              118 North Bedford Road, Suite 100
Rego Park, NY 11374                             Mount Kisco, NY 10549
Telephone: (212) 685-0969                       Telephone: (914) 752-3040
E-Mail: laskowitz@pasklaw.com                   E-Mail: bkeller@keller-lawfirm.com

Re:    *Tuncel v. Zynex, Inc. et al.*, Case No. 25-cv-913-SKC-TPO (D. Colo.)

Dear Counsel:

On behalf of Lead Plaintiff Levent Tuncel, I write in response to your February 3, 2026 letter ("Letter") regarding the above-captioned securities class action on behalf of Zynex, Inc. ("Zynex") investors. While your letter purports to be on behalf of an unidentified client, this is clearly nothing more than a thinly veiled attempt to belatedly obtain a stake in this securities fraud action—now that it is facially obvious that it is likely to succeed.

*First*, it is not clear that your client has standing to bring claims because your proposed complaint does not identify your client or your client's transactions in Zynex, much less show that any such transactions were in the relevant period. *See* Proposed Complaint, attached to your February 3, 2026 email.

*Second*, if your client *does* have Zynex transactions in the relevant period, your client had the opportunity to timely move for lead plaintiff when the requisite notice under the Private Securities Litigation Reform Act of 1995. Your letter falsely claims that "the known facts regarding the fraud have materially changed in the past eleven months." Letter at 2. The substance of the fraud is the failure "to disclose to investors: (1) that Zynex shipped products, including electrodes, in excess of need; (2) that, as a result of this practice, the Company inflated its revenue; (3) that the Company's practice of filing false claims drew scrutiny from insurers, including Tricare; . . . [and] that, as a result, it was reasonably likely that Zynex would face adverse consequences, including removal from insurer networks and penalties from the federal government." ECF No. 1, ¶7; Proposed Complaint, ¶17. The developments since the commencement of this action reveal the *extent* of the fraud, such as that Zynex improperly collected up to $873 million by overbilling customers and that the pervasive misconduct was

Laurence D. Paskowitz
February 4, 2026
Page 2

enabled by a fulfillment policy that had to be overhauled by new management. *See also* Proposed Complaint, ¶10 (conceding the subsequent disclosures revealed the "extent of Defendants' misdeeds"). But the essence of the fraud—an oversupplying scheme to send unnecessary supplies and overbill insurers—was pled in the initial complaint. Thus, the developments since the commencement of the action do not "materially change" the allegations, and your client had ample notice of the allegations to timely move for appointment as lead plaintiff.

*Third*, even if the developments materially alter the alleged fraud (they do not), you and your client have not been diligent. According to your Proposed Complaint, "on July 31, 2025, the **full extent** of Defendants' misdeeds were revealed." ¶10 (emphasis added). Yet you waited six months to even broach the topic with the presumptive lead plaintiff. To the extent you claim that the complaint filed by certain insurers on September 4, 2025 revealed that the misconduct dates back to 2021 (Proposed Complaint, ¶36) or that *that* complaint suggested your client had standing, you have still been dilatory. Thus, it appears that you and your client were not concerned by the fraud until the former executives were criminally indicted two weeks ago.

*Fourth*, you falsely claim that "large numbers of potential Class Members have each day lost their claims due to Section 10(b)'s five year Statute of Repose" because "Mr. Tuncel has not amended his Complaint." Letter at 2. As you know, the lead plaintiff intends to file an amended complaint. *See Tuncel v. Zynex, Inc., et al.*, No. 25-cv-913, ECF No. 9 (D. Colo. May 2, 2025). Due to attorney-client privilege, we cannot disclose the details of the forthcoming amended complaint. To the extent you believe that the Class Period should start on February 25, 2021, there is currently no issue with the statute of repose. While we appreciate you raising the point, we remind you that it is the lead plaintiff who is empowered to decide issues such as the appropriate class period.

Under these circumstances, there is no basis to reopen the lead plaintiff process. *In re Evolv Techs. Holdings Inc. Sec. Litig.*, Case No. 1:24-cv-10761, ECF No. 80 (D. Mass. Dec. 13, 2024) (denying request to reopen notice period where restatement of revenue was a "continued revelation of the fraud" of product efficacy misrepresentations); *Thomas v. Magnachip Semiconductor Corp.*, 2015 WL 3749784, at *4-5 (N.D. Cal. June 15, 2015) (declining to reopen notice period where amended complaint added new claims, added new defendants, and expanded the class period; reasoning that the amendment "still centers on the same factual scenario" as in the earlier complaint). Your own authority states so. Letter at 2 (citing *In re QuantumScape Sec. Class Action Litig.*, 2021 WL 2070206, at *3 (N.D. Cal. May 18, 2021) (refusing to revisit lead plaintiff appointment because expansion of class period "does not change the center of gravity of the suit")). Your other authorities are distinguishable. *E.g.*, *In re Axsome Therapeutics, Inc. Sec. Litig.*, 1:22-cv-03925 (LGS), ECF No. 64 (S.D.N.Y. Nov. 3, 2023) (reopening notice period because sole lead plaintiff sought to withdraw due to lack of standing).

Laurence D. Paskowitz
February 4, 2026
Page 3


We trust that you would have reviewed the proceedings in this action and the bankruptcy action prior to sending your Letter. Indeed, your Letter acknowledges that this securities action "was not stayed" by Zynex's bankruptcy proceedings.  Letter at 2.  Yet your Letter ignores the reality: that Mr. Tuncel not only responded to Defendants' attempts to stay this action but he also retained highly-respected bankruptcy counsel to protect the Class's interests in the bankruptcy, which directly resulted in beating back a motion to stay the securities class action. *See, e.g.*, *In re Zynex, Inc.*, No. 25-90810 (ARP), ECF No. 218, ¶5 (Bankr. S.D. Tex. Jan. 27, 2026); *see also Tuncel v. Zynex, Inc.*, No. 25-cv-913, ECF Nos. 31-33. We hope that your false accusation that Mr. Tuncel has not been attentive to this matter was merely your oversight, not an intentional misstatement of the record.

You claim that your letter was provided on a confidential basis. We do not agree to keep it as such. If you were to move to reopen the lead plaintiff process or engage in any efforts to delay litigation on merits at the putative Class's expense, we believe the Court should be apprised of your tactics and false claims, and we will file the Letter (and our response) with our opposition.

For the avoidance of doubt, we oppose any motion by you to intervene and/or to reopen the lead plaintiff process in this case.

Regards,

*/s/ Pavithra Rajesh*

Pavithra Rajesh

cc:    Robert V. Prongay
       Casey E. Sadler