**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 25-cv-00913

LEVENT TUNCEL,

       Plaintiff,

    v.

THOMAS SANDGAARD and
DANIEL MOORHEAD,

       Defendants.

---

**DEFENDANT DANIEL MOORHEAD'S RESPONSE TO MOTION TO
CONSOLIDATE RELATED ACTIONS AND TO VACATE APRIL 21, 2026
DEADLINE IN THE *BEIDEL* ACTION**

---

Defendant Daniel Moorhead submits this response in support of Plaintiff Levent Tuncel's motion (ECF No. 43) to consolidate this putative class action with the more recently filed putative class action styled *Beidel v. Sandgaard, et al.*, No. 26-cv-00714 (D. Colo.) (the "*Beidel* Action").

As noted in Tuncel's motion, when approached about an anticipated motion to consolidate, the undersigned advised that Moorhead, Zynex's former Chief Financial Officer, would not oppose it. To be clear, Moorhead strongly supports the proposed consolidation as being in the interests of fairness and judicial economy. Both the *Tuncel* and *Beidel* complaints assert claims against Moorhead and others under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934, alleging that they

engaged in and/or concealed fraudulent billing practices that allegedly inflated Zynex's revenues and profits and rendered the company's public disclosures false. *Compare*, *e.g.*, *Beidel* Complaint (*Beidel* Action ECF No. 1) ¶¶ 3-18, 35-45, 47-97, 142-58 *with Tuncel* Complaint (ECF No. 1) ¶¶ 2-7, 19-36, 55-69. To require Moorhead to defend identical securities fraud claims arising from the same alleged course of conduct would necessitate duplicative pleadings, motions practice, and, potentially, discovery; waste Moorhead's and the Court's limited resources; and risk inconsistent outcomes. *See*, *e.g.*, *Assad v. Digitalglobe, Inc.*, No. 17-cv-01097-PAB-NYW, 2017 U.S. Dist. LEXIS 115952, at *5 (D. Colo. July 25, 2017) (Brimmer, J.) (holding, as to six securities fraud cases, that "[c]onsolidation will ensure efficient resolution of future motions by eliminating duplicative hearings while guarding against inconsistent findings"); *Kaplan v. Gelfond*, 240 F.R.D. 88, 92 (S.D.N.Y. 2007) ("Given the overlapping questions of law and fact presented in the cases before us, litigating a multitude of separate actions would only ensure the duplication of effort amongst parties . . . ."). Moorhead therefore respectfully submits that the Court should grant Tuncel's motion and order that the *Tuncel* and *Beidel* matters be consolidated for all purposes under the same caption.

Dated this 24th day of March 2026.

SHOEMAKER GHISELLI + SCHWARTZ LLC

By:    *s/ Coates Lear*
       Coates Lear
       Paul H. Schwartz
       1811 Pearl Street
       Boulder, CO 80302
       (303) 530-3452
       coateslear@sgslitigation.com
       pschwartz@sgslitigation.com

*Attorneys for Defendant Daniel Moorhead*

## CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of March 2026, a true and accurate copy of the foregoing **DEFENDANT DANIEL MOORHEAD'S RESPONSE TO MOTION TO CONSOLIDATE RELATED ACTIONS AND TO VACATE APRIL 21, 2026, DEADLINE IN THE BEIDEL ACTION** was filed and served via ECF on all counsel of record.

By:      *s/ Maritza Recendiz*