**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:25-cv-00913-SKC-TPO

LEVENT TUNCEL, Individually and on Behalf of All Others Similarly Situated,

       Plaintiff,

    v.

THOMAS SANDGAARD, and
DANIEL MOORHEAD,

       Defendants

---

Civil Action No. 1:26-cv-00714-DDD-KAS

KENT BEIDEL, Individually and on Behalf of All Others Similarly Situated,

       Plaintiff,

    v.

THOMAS SANDGAARD,
ANNA LUCSOK,
DANIEL MOORHEAD,
BARRY D. MICHAELS,
MICHAEL CRESS, and
JOSHUA DISBROW,

       Defendants.

---

**LEAD PLAINTIFF'S REPLY IN SUPPORT OF HIS MOTION TO CONSOLIDATE
RELATED ACTIONS AND TO VACATE THE APRIL 21, 2026 DEADLINE IN THE
*BEIDEL* ACTION**

# TABLE OF CONTENTS

I.    INTRODUCTION ................................................................................................... 1

II.   THERE IS NO OPPOSITION TO TUNCEL'S MOTION ...................................... 2

     A.    No Interested Party Opposes Consolidation ............................................. 2

     B.    The April 21, 2026 Deadline In The *Beidel* Action Should Be Vacated ................. 4

          1.    Beidel Concedes That He Had Notice Of The *Tuncel* Action But Failed To Timely Move For Appointment As Lead Plaintiff ..................................... 4

          2.    Beidel Concedes That His Class Period Is Self-Servingly Manufactured .. 4

          3.    Beidel Concedes That Revisiting Tuncel's Appointment Could Jeopardize The Class's Interests ................................................................................ 5

III.  BEIDEL OFFERS NO BASIS TO DELAY ADJUDICATION OF THE MOTION .............. 5

IV.   CONCLUSION..................................................................................................... 9

i

**TABLE OF AUTHORITIES**

**CASES**

*Breaux v. Am. Family Mut. Ins. Co.*,
     220 F.R.D. 366 (D. Colo. 2004) .............................................................................................. 1, 3

*Crookshanks v. Elixabeth School District*,
     2025 WL 1000774 (D. Colo. Apr. 3, 2025) ............................................................................. 4, 5

*Dube v. Signet Jewelers Ltd.*,
     2017 WL 1379385 (S.D.N.Y. Apr. 14, 2017) .............................................................................. 7

*Eaton v. Pacheco*,
     931 F.3d 1009 (10th Cir. 2019) ..................................................................................................... 1

*Holland v. John Deere Co.*,
     1992 WL 247107 (W.D. Okla. July 29, 1992) ........................................................................... 3, 5

*In re Cyberonics Inc. Sec. Litig.*,
     468 F. Supp. 2d 936 (S.D. Tex. Nov. 28, 2006) ........................................................................... 7

*Kaplan v. S.A.C. Capital Advisors, L.P.*,
     947 F. Supp. 2d 366 (S.D.N.Y. May 24, 2013) ............................................................................ 7

*Tchrs.' Pension Plan Bd. v. Teva Pharm. Indus., Ltd.*,
     2020 WL 1181366 (D. Conn. Mar. 10, 2020) .............................................................................. 6

*Teamsters Local 445 Freight Div. Pension Fund v. Bombardier Inc.*,
     2005 WL 1322721 (S.D.N.Y. Jun. 1, 2005) ................................................................................. 7

**RULES**

Fed. R. Civ. P. 42(a) ....................................................................................................................... 1

## I.    INTRODUCTION

No interested party actually opposes consolidation.[1] Defendants "strongly support the proposed consolidation as being in the interests of fairness and judicial economy,"[2] and Beidel concedes that the two actions "arise from overlapping facts and legal theories," thereby admitting that the standard for consolidation under Fed. R. Civ. P. 42(a) has been met. ECF No. 49 ("Response") at 6. Indeed, Beidel – a shareholder who *is* included in the *Tuncel* Action and could have moved for lead plaintiff in that action but choose not to – does not address the actual arguments in the Motion. His silence constitutes waiver of any opposition to Tuncel's arguments. *See Eaton v. Pacheco*, 931 F.3d 1009, 1031 (10th Cir. 2019) (party's failure to respond constitutes waiver of opposition arguments that could have been, but were not, made).

Instead, Beidel responds that the Motion should be held "in abeyance pending development of a full record" so as not "to bypass the opportunity for all parties to be heard." Response at 1-2. This ignores that all parties "***have had a chance*** to acquiesce in or resist" the requested relief because any interested party could have filed a timely opposition by March 24, 2026. *See Breaux v. Am. Family Mut. Ins. Co.*, 220 F.R.D. 366, 368 (D. Colo. 2004) (Response at 6) (emphasis added).

Biedel feigns concern about whether Defendants had enough time to state their position on Motion, but he refused to meet and confer with them before Tuncel filed his Motion. *See* Tuncel's Exhibit 1 at 3, 6-7 (Beidel's counsel: "I am not having any call with defendants today.").

---

[1] All capitalized terms have the meaning set forth in the opening brief (ECF No. 43, the "Motion").

[2] ECF No. 50 at 1: *see also* ECF No. 51 (Defendant Sandgaard supporting consolidation "[f]or the reasons stated in Tuncel's motion and Defendant Daniel Moorhead's response (ECF No. 50)").

Regardless, Defendants not only "had a chance" to respond to the Motion, but they have responded and confirmed they support the motion. ECF No. 50 at 2 (because both actions allege "identical securities fraud claims arising from the same alleged course of conduct," defendants "strongly support[]" consolidation); ECF No. 51. And any of "the purchasers of millions of Zynex shares who are not included in the *Tuncel* Action" could have stepped forward over the past year. *See* Response at 1.

Beidel offers no legal or equitable basis to delay adjudication of the Motion until he files a *separate* motion nearly *a month from now* seeking *different relief*. Response at 2. Beidel impugns Tuncel for "deferr[ing] the filing of an amended complaint" while the Court was considering Tuncel's lead plaintiff motion, wholly ignoring that Beidel has needlessly delayed the *Tuncel* Action by filing a duplicative action after he sat idle for months. Meanwhile, Tuncel did not wait for the order on his lead plaintiff motion to protect the class's interests. *See* Motion at 11-12.

The Motion should be granted in its entirety.

## II.    THERE IS NO OPPOSITION TO TUNCEL'S MOTION

### A.    No Interested Party Opposes Consolidation

All timely responses state that the *Tuncel* and *Beidel* Actions involve "overlapping facts and legal theories." Response at 6; *see also* Motion at 5-6; ECF Nos. 50-51. Beidel concedes that both actions involve Exchange Act violations by Zynex's former officers and that Beidel's claims against certain directors "is based on the same allegedly wrongful course of conduct." Motion at 5; *see* Response at 6 (no opposing argument). As such, the cases should be consolidated.

Beidel does not argue that consolidated is inappropriate; he only claims that it is premature "given the parties' disagreement over the appropriate class period." Response at 6. But he concedes

2

that differences in class period do not preclude consolidation. Motion at 6; *see* Response at 6. He

also concedes that local rules, federal procedural rules, and the PSLRA require prompt adjudication

of consolidation motions. Motion at 5-6; *see* Response at 6. In fact, his only cited authority

confirms that consolidation does not require identical parties, facts, and claims. *See Breaux*, 220

F.R.D. at 368 (actions that are not "related" under local rules may nevertheless be consolidated).

To be sure, the Court need not decide the "appropriate scope of any consolidated pleading"

at this juncture. *Cf.* Response at 6. The appropriate class period to allege in the amended complaint

is in the discretion of the lead plaintiff.[3] As Beidel concedes, "Tuncel may amend his complaint to

include expanded claims." Response 7 n.4. Therefore, Beidel's half-hearted arguments (about the

appropriate class period or purported statute of repose issues) do not preclude consolidation.[4] Thus,

the actions should be consolidated.[5]

---

[3] Beidel incorrectly suggests the dispute concerns the start date for the class period. *Id.* at 6. In actuality, Tuncel's position is: "Even if the appropriate start for the class period is February 25, 2021 and even if the statute of repose has expired, consolidation of the cases would allow Tuncel to bring those claims in his forthcoming amended complaint." Tuncel's Exhibit 1 at 2.

[4] Beidel does not actually substantiate these arguments and only promises to "address [them]. . . in detail in his forthcoming lead plaintiff motion." *Id.* at 6. This refusal to articulate his position now constitutes waiver; a party cannot cite to an unfiled motion instead of actually putting forth argument in a timely response to a motion. *See Holland v. John Deere Co.*, 1992 WL 247107, at *1 (W.D. Okla. July 29, 1992) ("If the Court were to permit such an ungainly practice then what would develop would be the neverending motion [practice] which would impose an intolerable toll on the just, speedy, and inexpensive determination of actions before this Court.").

[5] Beidel's quibbles about compliance with local rules are baseless. *See* Response at 6 n.3. First, the clerk directed Tuncel to file his motion for consolidation only in the lowest-numbered case. But to address Beidel's unspecified concern, Tuncel will endeavor to file in the *Beidel* Action the entire briefing for this Motion. Second, as a practical matter, consolidation and vacating the April 21, 2026 deadline are "complementary" relief that "shall be included in a single motion." Civ. Practice Standard 7.1(A)(a)(5).

**B.**      **The April 21, 2026 Deadline In The *Beidel* Action Should Be Vacated**

As pointed out in Tuncel's Motion, the April 21, 2026 deadline in the *Beidel* Action should be vacated because the lead plaintiff process set forth in the PSLRA has already been followed, resulting in Tuncel's appointment as lead plaintiff. Motion at 7-12. Beidel does not respond to Tuncel's arguments, thereby waiving his opposition to the Motion on this issue.

**1.**      **Beidel Concedes That He Had Notice Of The *Tuncel* Action But Failed To Timely Move For Appointment As Lead Plaintiff**

Tuncel argued in the Motion that: (i) Beidel had adequate notice of the pendency of the *Tuncel* Action and the deadline to seek appointment as lead plaintiff in that action; (ii) Beidel is a member of the class alleged in the *Tuncel* Complaint; (iii) Beidel had the opportunity to seek appointment as lead plaintiff in the *Tuncel* Action; (iv) by failing to file a timely motion in the *Tuncel* Action, Beidel did not diligently step forward to act on behalf of the class he now seeks to represent; and (v) Beidel cannot cure his neglect by commencing a new related action after Tuncel was already appointed as lead plaintiff. Motion at 7-9. Beidel failed to respond to any of these arguments beyond claiming that "Tuncel's arguments are premature." Response at 7. Beidel's failure to respond to these arguments constitute waiver. *See Crookshanks v. Elixabeth School District*, 2025 WL 1000774, at *5 (D. Colo. Apr. 3, 2025) ("Courts in this Circuit routinely deem an issue waived when a party fails to respond to a movant's substantive argument.").

**2.**      **Beidel Concedes That His Class Period Is Self-Servingly Manufactured**

Tuncel argued in his Motion that: (i) Beidel's expanded class period, alleging that misleading statements were made on December 15, 2025, was manufactured to respond to Tuncel's arguments that Beidel has not been diligent; (ii) even if December 15, 2025 is the appropriate date to end the class period, Tuncel can plead the requisite facts in his amended complaint; and (iii) the

4

events that post-date the *Tuncel* Complaint are further revelations of the alleged fraudulent billing practices. Motion 9-11. Beidel merely responds that these arguments are "unavailing" without elaborating, *see* Response at 9 n.6, thereby waiving any opposition he may claim to make in a future motion seeking different relief. *See Crookshanks*, 2025 WL 1000774, at *5; *Holland*, 1992 WL 247107, at *1.

### 3. Beidel Concedes That Revisiting Tuncel's Appointment Could Jeopardize The Class's Interests

Tuncel argued in the Motion that: (i) Tuncel acted diligently in protecting the class's interests while his lead plaintiff motion was pending, including by retaining investigators to interview former employees with relevant knowledge and taking affirmative steps in Zynex's bankruptcy proceedings such as filing a proof of claim; (ii) Beidel did not take any such action; and (iii) if Tuncel's appointment as lead plaintiff were vacated, the class's interests could be jeopardized. Motion at 11-12. Again, Beidel does not respond at all to these arguments, conceding that Tuncel was actively protected the class's interests while Beidel sat on his hands. *See Crookshanks*, 2025 WL 1000774, at *5.

### III.    BEIDEL OFFERS NO BASIS TO DELAY ADJUDICATION OF THE MOTION

Beidel asks the Court to defer consideration of the Motion until after lead plaintiff motions in the *Beidel* Action are filed on or before April 21, 2026. Setting aside that Tuncel has already filed his Motion precisely to request the Court's ruling ***before*** those motions are filed in the *Beidel* Action, Beidel's arguments are not persuasive.

*First*, the *Beidel* Action has not "materially altered" the allegations in the *Tuncel* Action. Response at 7-8. Beidel claims that his action is for "an entirely different time period, covering different instances of wrongdoing (and encapsulating different investors)." *Id.* at 9. It is readily

apparent that the class period in the *Tuncel* Complaint is subsumed within the class period in the *Beidel* Complaint. *Compare* ECF No. 1 at ¶1, *with* Tuncel's Exhibit 6 at ¶1. Indeed, Beidel acknowledges that the two actions concern "overlapping facts and legal theories" and that the "new" claims in his complaint are based on the same wrongful course of conduct pled by Tuncel. *See* Sec. II.A., *supra*. Defendants agree that the two actions raise "identical securities fraud claims arising from the same alleged course of conduct." ECF Nos. 50-51.

*Second*, the events that occurred after Tuncel filed his initial complaint do not justify a new lead plaintiff process. Response at 9. Beidel claims that "the facts have evolved to require a much larger class period, important new defendants, and substantially expanded facts and claims." Response at 8. Beidel does not distinguish the instant case from the decisions cited in the Motion holding that reopening the lead plaintiff appointment process is not warranted where the new allegations or claims are further revelations of the same course of conduct. *See* Motion at 11. Beidel's own authority agrees that republication of PSLRA notice is not required where, as here, the first case "anticipated further developments with respect to the [regulator's] investigation." *Ont. Tchrs.' Pension Plan Bd. v. Teva Pharm. Indus., Ltd.*, 2020 WL 1181366, at *11-12 (D. Conn. Mar. 10, 2020) (also reasoning that new "state common law claims . . . depend on the same facts" as the federal securities claims). Here, Tricare's investigation into Zynex's overbilling was pending when Tuncel filed suit, and the "the Allstate litigation, the July 2025 10-Q, and the federal criminal indictment" flow from the same alleged misconduct. *See* Motion at 3-5; Response at 10; ECF No. 50 at 2.[6]

---

[6] Beidel argues that his share repurchase claims "are unrelated to the claims asserted in the *Tuncel* Action." Response at 11. That plainly conflicts with Beidel's own allegations. Tuncel's Exhibit 6

Beidel wrongly argues that "the instant situation is more analogous to *Dube" v. Signet Jewelers Ltd.*, 2017 WL 1379385 (S.D.N.Y. Apr. 14, 2017). Response at 11. There, the original complaint concerned the company's handling of customers' jewelry, the first amended complaint added a theory about the quality of the company's credit portfolio, and the second amended complaint abandoned the customers' jewelry theory and added a theory about persuasive sexual harassment. *Signet*, 2017 WL 1379385, at \*2. Clearly, claims about a company's credit portfolio and persuasive sexual harassment are based on different facts and theories. As such, the court found that the second amended complaint alleged "two categorically different theories of securities fraud" than the original complaint, republication was warranted. *Id.* Here, in contrast, both actions center on Zynex's fraudulent billing practices and associated overstatement of revenues. ECF No. 1, ¶¶7, 14-16; Tuncel's Exhibit 6, ¶¶18, 25-31. Beidel's other authorities are similarly distinguishable.[7]

*Third*, Beidel's statute of repose argument rests on the assumption that the class period must start on February 25, 2021. *See* Response at 10-11. Though his Response does not articulate the basis for this assumption, Beidel suggests that his "new claims" are based on "the Allstate litigation, the July 2025 10-Q, and the federal criminal indictment." *Id.* at 11. As an initial matter,

---

at ¶¶18, 46 (alleging that the repurchases were "designed" to "fuel" the "rampant fraud and overbilling").

[7] Beidel's authorities found that investors would have disregarded the original notice, but here Beidel concedes that he had adequate notice of the allegations (Sec. II.B.1). *See Kaplan v. S.A.C. Capital Advisors, L.P.*, 947 F. Supp. 2d 366, 367 (S.D.N.Y. May 24, 2013) (original class excluded investors who traded contemporaneously with and opposite to the named defendants); *In re Cyberonics Inc. Sec. Litig.*, 468 F. Supp. 2d 936, 939-40 (S.D. Tex. Nov. 28, 2006) (large investors were excluded from the original class); *Teamsters Local 445 Freight Div. Pension Fund v. Bombardier Inc.*, 2005 WL 1322721, at \*2 (S.D.N.Y. Jun. 1, 2005) (original class excluded Series-C securities).

7

Allstate's complaint, which partly relies on Tuncel's allegations, alleges examples of Zynex's fraudulent overbilling after August 2021. Tuncel's Exhibit 11 at ¶¶137-140. That does not show that Zynex's financial statements issued six months prior were false or misleading. *See id.* Even if it did, that would rely wholly on unverified, disputed allegations. By that logic, the Travelers' action (filed in August 2023) would be sufficient to plead that Zynex's financial statements dating back to November 2018 are false and misleading. *See* Tuncel's Exhibit 6 at ¶¶ 43-44 (alleging that Travelers' allegations "further echo" the later-filed Allstate action). That is, the class period should start *even earlier* than February 25, 2021, and Beidel has done nothing to preserve *those* claims. But Beidel does not even bother to mention the Travelers' action in his Response because it does not fit his pretextual and lawyer-driven argument about the class period. In sum, Beidel's proffered February 25, 2021 date is arbitrary and not supported by the facts.

*Finally*, the fact that Tuncel has not **yet** amended his complaint is irrelevant. Beidel both faults Tuncel for filing his complaint too quickly and for not amending his complaint quickly enough. *Id.* at 3, 9 (baselessly suggesting that Tuncel could have pled a longer class period in his initial complaint in March 2025 and incorrectly claiming that "Tuncel chose not to amend" his complaint).[8] Beidel cannot have it both ways. Tellingly, Beidel ignores that Tuncel would already have amended his complaint but-for the commencement of the *Beidel* Action.

None of Beidel's arguments explain why the Court must wait until April 21, 2026 to adjudicate the Motion. Beidel claims that he himself must be afforded that time to be heard. But he has already responded to the Motion, and none of Beidel's arguments are availing.

---

[8] Beidel's argument also ignores that the Court had a scheduling order for filing the complaint after the appointment of a lead plaintiff. *See* ECF No. 10.

## IV.    CONCLUSION

For the foregoing reasons, Tuncel respectfully request that the Court grant his Motion in its entirety and enter an Order (a) consolidating the *Tuncel* and *Beidel* Actions; (b) vacating the April 21, 2026 deadline to seek appointment as lead plaintiff and approval of counsel; and (c) granting such other relief as the Court may deem just and proper, including denying as moot any lead plaintiff motions that are filed in the *Beidel* Action.

Dated: March 25, 2026

/s/ Pavithra Rajesh
**GLANCY    PRONGAY    WOLKE    & ROTTER LLP**
Robert V. Prongay
Casey E. Sadler
Pavithra Rajesh
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

*Counsel for Lead Plaintiff Levent Tuncel and Lead Counsel for the Putative Class*

9

## AI CERTIFICATION

I hereby certify that no portion of this filing was drafted by AI.

*/s/ Pavithra Rajesh*
Pavithra Rajesh

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document and accompanying declaration, exhibits, and proposed order were filed with this Court on March 25, 2026 through the CM/ECF system and will be sent electronically to all registered participants as identified on the Notice of Electronic Filing.

*/s/ Pavithra Rajesh*
Pavithra Rajesh